**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEXTPOINT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08-CV-4593 |
| | ) | |
| NEXTPOINT NETWORKS, INC., | ) | Honorable Blanche M. Manning |
| | ) | |
| Defendant. | ) | Magistrate Judge Maria Valdez |

**VERIFIED ANSWER AND DEFENSES OF**
**NEXTPOINT NETWORKS, INC.**

Defendant NextPoint Networks, Inc. ("NextPoint Networks"), by and through its

undersigned counsel, as and for its Answer to the Complaint of Plaintiff Nextpoint, Inc.

("Plaintiff") hereby responds as follows:

**Nature Of Action**

1.      Since January 2006, Plaintiff has been providing litigation support and

consulting services to a nationwide client base under the trade name and trademark

"Nextpoint."  Throughout that time, Plaintiff also has been using a logo/design version of

the "Nextpoint" trademark.  Defendant NextPoint Networks, Inc. was formed in January

2008 and immediately, without permission from Plaintiff, began doing business as

"Nextpoint" and using a "Nextpoint" design mark that is nearly identical to Plaintiff's mark.

Defendant's infringing conduct is causing confusion in the marketplace and is diluting

Plaintiff's goodwill and reputation.  This is an action for trademark infringement; dilution and

unfair competition to enjoin Defendant's unlawful conduct, and to recover damages caused thereby.

**ANSWER:**    NextPoint Networks admits that in January 2008, NexTone Communications, Inc. merged with Reef Point Systems, Inc. and changed its name to NextPoint Networks, Inc.  NextPoint Networks admits that the Complaint purports to assert the claims described in paragraph 1 and purports to seek the relief described in such paragraph, but denies that Plaintiff is entitled to any such relief except as specifically admitted herein, and denies that NextPoint Networks has engaged in any infringing conduct.  NextPoint Networks denies the remaining allegations of paragraph 1.

## Parties, Jurisdiction And Venue

2.      Plaintiff Nextpoint, Inc. is an Illinois corporation with its principal place of business in Cook County, Illinois.  It has offices in Illinois, Wisconsin and California. Plaintiff provides computer software- and Internet-based litigation support and consulting services.

**ANSWER:**    NextPoint Networks admits that, according to its website, Plaintiff has offices in Illinois, Wisconsin, and California.  NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2, and on that basis denies those allegations.

3.      Defendant NextPoint Networks, Inc. is a Delaware corporation with its principal place of business in Maryland.  It has offices in Maryland, Massachusetts and Florida.  Defendant was formed on or about January 22, 2008, and provides computer

2

hardware and software to enable the interconnection of wireless and mobile devices to networks, and related services.

**ANSWER:**    NextPoint Networks admits that it is a Delaware corporation having its principal place of business in Maryland.  NextPoint Networks further admits that it has offices in Maryland, Massachusetts, and Florida, and that it is a provider of secure and intelligent IP-based solutions that enable connectivity of devices to networks, and networks to networks, enabling high-quality voice, data, and video sessions to flow efficiently, securely, and reliably across and between networks.  NextPoint Networks denies the remaining allegations of paragraph 3.

4.    Plaintiff's and Defendant's products and services are sold in and affect interstate commerce.

**ANSWER:**    NextPoint Networks admits that its products are sold in interstate commerce.  NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4, and on that basis denies those allegations.

5.    This Court has jurisdiction over Plaintiff's federal claims pursuant to 15 U.S C §1121 (action arising under the Lanham Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1338(a) (any action of Congress relating to trademarks) and 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws).  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3

**ANSWER:**    NextPoint Networks admits that the Complaint purports to assert a claim for trademark infringement and unfair competition under 15 U.S.C. §1121, but denies that there is any basis in fact or law for such a claim.  NextPoint Networks further admits that the Complaint purports to base jurisdiction over the subject matter of the claim on 28 U.S.C. §§1331, 1338(a), 1338(b), and 1367, but denies that there is any basis in fact or law for such claim and denies that there is any basis for Plaintiff's claims.

6.    Venue is proper in this district under 28 U.S.C. §1391, because a substantial part of the events giving rise to the actions complained of herein occurred in this District, and Plaintiff is being injured in this District.

**ANSWER:**    NextPoint Networks admits that, as pleaded, venue appears to be proper in this district.  NextPoint Networks denies the remaining allegations of paragraph 6.

**Plaintiff's Business**

7.    Plaintiff develops and deploys proprietary software that allows corporations and law firms to manage electronic evidence, including vast amounts of documents, depositions, videos, transcripts and demonstrative exhibits.  Plaintiff loads its clients' litigation discovery materials into databases and provides access to the databases via Internet and proprietary software that enables clients to search, organize and manage the information.  Plaintiff provides these services in all phases of litigation, including on site and courtroom service.

4

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies those allegations.

8.    Plaintiff's clients come from all over the United States.  Notable clients include ExxonMobil Corporation, Verizon Wireless, McDermott Will & Emery, and Winston & Strawn.  Plaintiff's service has been used regularly across the country, including Chicago, Illinois; Denver, Colorado; Baton Rouge, Louisiana; San Diego, California; San Jose, California; San Francisco, California; Seattle, Washington; Boston, Massachusetts; Islip, New York; Wilmington, Delaware; Alexandria, Virginia; and Palm Beach, Florida.

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis denies those allegations.

### The "Nextpoint Marks"

9.    At issue in this case are a standard character version and a design version of the "Nextpoint" trademark, both of which Plaintiff owns and has used in commerce to promote its business and services.

**ANSWER:**    NextPoint Networks admits that this case concerns the standard character and design versions of a mark that is allegedly owned by Plaintiff.  NextPoint Networks denies the remaining allegations of paragraph 9.

10.    Since January 2006, Plaintiff has done business exclusively under the "Nextpoint" trade name and has used the standard character trademark "Nextpoint" (the "Standard Character Mark") to identify its products and services and distinguish them from competitors' products and services.

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies those allegations.

11.    Since January 2006, Plaintiff also has used a stylized version of the mark, which features three ellipses over the word "nextPoint" (the "Design Mark"), to identify its products and services and distinguish them from competitors' products and services. The Design Mark was modified slightly in or around December 2007 to reduce the size of the ellipses and change the "P" to a lower case character. By design, the modification preserved the look and feel of the original version of the Design Mark and, thus, preserved the goodwill associated therewith. The Design Mark, in both its original and modified forms, is depicted on Exhibit A hereto.

**ANSWER:**    NextPoint Networks admits that Exhibit A purports to provide depictions of both the original and modified versions of the "Design Mark" allegedly owned by Plaintiff. NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11, and on that basis denies those allegations.

6

12.    Plaintiff has invested significant resources in nationally promoting its products and services using the Standard Character Mark and the Design Mark (collectively, the "Nextpoint Marks").

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies those allegations.

13.    Plaintiff's products and services have been referenced and promoted on the Internet and in various print publications including the Chicago Tribune website, Law.com and Lawyers USA.

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies those allegations.

14.    Plaintiff repeatedly features the Nextpoint Marks on its website at www.nextpoint.com.

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis denies those allegations.

15.    Plaintiff has used and continues to use the Nextpoint Marks in the following materials and media, among others:

- Paid placements through Internet search engines;

7

- Internet "blog" postings;
- Plaintiffs website, www.nextpoint.com;
- Electronic mail "blasts" to business contacts;
- Employee business cards;
- Business letterhead;
- Signage at its offices in Chicago, Los Angeles and Madison, Wisconsin;
- Hard copy advertising materials such as brochures;
- Promotional materials to business contacts;
- Invoices to existing clients;
- Electronic mail return address blocks; and
- Employee carrying cases/bags which are used for client visits and courtroom work.

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies those allegations.

16.    The Nextpoint Marks are inherently distinctive, and have acquired added distinctiveness through Plaintiff's continuous and substantial use of the marks in commerce to identify and promote its business and services.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 16.

17.    Plaintiff has established goodwill in connection with its business, which goodwill the public associates with the Nextpoint Marks.

**ANSWER:**    NextPoint Networks is without sufficient knowledge or information to form a belief as to whether Nextpoint has "established goodwill in connection with its business" and therefore denies that allegation.  NextPoint Networks denies the remaining allegations of paragraph 17.

8

18.     On December 30, 2005, Plaintiff applied to the United States Patent & Trademark Office ("USPTO") for registration of the Standard Character Mark on the principal register.  On July 3, 2007, the USPTO issued a Notice of Allowance for the Standard Character Mark application.

**ANSWER:**    NextPoint Networks admits the allegations of paragraph 18.

19.     On February 14, 2006, Plaintiff applied to the USPTO for registration of the Design Mark on the principal register.  On July 3, 2007, the USPTO issued a Notice of Allowance for the Design Mark application.

**ANSWER:**    NextPoint Networks admits the allegations of paragraph 19.

20.     Because Plaintiff has received Notices of Allowance for both the Standard Character Mark and Design Mark, the only additional step Plaintiff must complete to obtain certificates of registration for both marks on the principal register is to submit proof of actual use to the USPTO.  Plaintiff is in the process of doing this.

**ANSWER:**    NextPoint Networks admits that Plaintiff has not obtained Federal certificates of registration for either of the marks that it allegedly owns.  NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20, and on that basis denies those allegations.

## Defendant's Infringement

21.     According to Defendant's website, which is located at www.nextpointnetworks.com, it is in the business of providing "access and interconnect

solutions for applications that are fixed, mobile or converged.  In addition to delivery of

secure fixed and mobile voice, data and multimedia sessions over a flexible and scalable

platform, Nextpoint's solution suites enable operators to evolve their networks to encompass

services that deliver greater ARPU to consumers and enterprises."

    **ANSWER:**   NextPoint Networks admits that its website is located at

www.nextpointnetworks.com and that the quote provided in paragraph 21 is available on

the NextPoint Networks website.  NextPoint Networks denies the remaining allegations of

paragraph 21.

    22.    As of the filing of this complaint, Defendant's website contains various

descriptions of its business that are vague and confusing, particularly when compared to the

goods and services offered by Plaintiff.

    **ANSWER:**   NextPoint Networks denies each and every allegation of

paragraph 22.

    23.    Defendant was formed on or about January 22, 2008.  By that date,

Defendant was doing business under the trade name "Nextpoint," without Plaintiff's

permission, despite Plaintiff's presence in the marketplace and pending application for

registration of the Nextpoint Marks.

    **ANSWER:**   NextPoint Networks admits that in January, 2008, NexTone

Communications, Inc. merged with Reef Point Systems, Inc. and changed its name to

NextPoint Networks, Inc.  NextPoint Networks denies the remaining allegations of

paragraph 23.

24.    At or about that time -- and, again, without Plaintiff's permission --
Defendant began using, in commerce, a stylized trademark that is confusingly similar to
Plaintiff's Design Mark.  A copy of the mark Defendant is using is depicted on Exhibit B
hereto.  Defendant's "Nextpoint" trade name and stylized mark are collectively referred to
hereafter as the "Infringing Marks."

**ANSWER:**    NextPoint Networks admits that Exhibit B purports to provide a
depiction of the mark owned and used by NextPoint Networks.  NextPoint Networks denies
the remaining allegations of paragraph 24.

25.    Defendant's website features the Infringing Marks.

**ANSWER:**    NextPoint Networks admits that its website features a mark that is
owned and used by NextPoint Networks.  NextPoint Networks denies the remaining
allegations in paragraph 25.

26.    Defendant chose and is using "nextpoint" as the first metatag for its website.
As a result, when Internet users input "nextpoint" into a search engine, such as Google, they
are directed to Defendant's website, not Plaintiff's.  This directly undermines a central
component of Plaintiff's marketing efforts, which is to maximize "hits" for Plaintiff's
website on Internet search engines.

**ANSWER:**    NextPoint Networks admits that "www.nextpointnetworks.com" is
one of many search results available when Internet users input "nextpoint" into a search
engine, such as Google.  NextPoint Networks denies the remaining allegations of
paragraph 26.

11

27.     On October 23, 2007, Defendant filed U.S. Trademark Application Serial No. 77/310,770 for the standard character mark "Nextpoint."  Plaintiff is opposing that application.

**ANSWER:**    NextPoint Networks admits the allegations of paragraph 27.

28.     Defendant's use of the Infringing Marks in commerce, as described herein, began after Plaintiff's use of its Nextpoint Marks.

**ANSWER:**    NextPoint Networks admits that it began using its marks in January, 2008.  NextPoint Networks denies the remaining allegations of paragraph 28.

29.     Defendant's use of the Infringing Marks in commerce, as described herein, is likely to cause, and has already caused, confusion among consumers as to the source of Defendant's products or services, and as to whether Plaintiff and Defendant are affiliated.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 29.

30.     Plaintiff has received telephone calls from confused individuals attempting to reach Defendant.  Plaintiff has received mailings meant for Defendant.  Plaintiff interviewed a job applicant who expressed confusion as to whether the Plaintiff's website or Defendant's website was Plaintiffs website.

**ANSWER:**    NextPoint Networks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis denies those allegations.

12

31.    During the time Defendant has been using the Infringing Mark, Defendant was on notice of the goodwill symbolized by, and the fame of, Plaintiff's Nextpoint Marks and of the well-established association of the Nextpoint Marks with Plaintiff's business and services.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 31.

32.    Defendant's actions have been willful and intentional and are intended to trade on the reputation and goodwill of Plaintiff, to confuse and deceive consumers and to unfairly compete with Plaintiff.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 32.

33.    On January 9, 2008, after Defendant's first use of the Infringing Marks, but before the filing of this Complaint, Plaintiff sent Defendant a "cease and desist" letter advising Defendant that its use of the Infringing Marks was unauthorized and unlawful, and demanding that Defendant cease all commercial use of the Infringing Marks. Defendant has refused Plaintiffs demand and has continued its unauthorized and unlawful use of the Infringing Marks.

**ANSWER:**    NextPoint Networks admits that it received a letter from Plaintiff dated January 9, 2008. NextPoint Networks denies the remaining allegations of paragraph 33.

## COUNT I

### Unfair Competition In Violation Of
### Section 43(a) Of The Lanham Act, 15 U.S.C. §1125(a)

34.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER:**     NextPoint Networks repeats and re-alleges its responses to paragraphs 1 through 33 of the Complaint, as though fully set forth herein.

35.     Plaintiff's Nextpoint Marks are valid, protectible trademarks.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 35.

36.     Defendant's use of the Infringing Marks, as described herein, is likely to cause confusion, deception or misunderstanding among consumers as to the source, sponsorship, approval or certification of Defendant's products and services, and give rise to the incorrect belief that Defendant has some connection or affiliation with Plaintiff.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 36.

37.     As a direct and proximate result of Defendant's wrongful conduct, Defendant's have caused Plaintiff irreparable harm and injury.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 37.

14

38.     Injury to Plaintiff is continuing and will continue unless Defendant's actions are restrained by the Court.  Unless Defendant is enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 38.

## COUNT II

**Trademark Dilution In Violation Of
Section 43(c) Of The Lanham Act, 15 U.S.C. §1125(c)**

39.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER:**    NextPoint Networks repeats and realleges its responses to paragraph 1 through 33 of the Complaint, as though fully set forth herein.

40.     Plaintiff's Nextpoint Marks are distinctive and famous, and were so prior to Defendant's commencing its unauthorized use of the Infringing Marks described herein.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 40.

41.     Defendant's use of the Infringing Marks, as described herein, is diluting the quality of Plaintiff's Nextpoint Marks by diminishing the capacity of the Nextpoint Marks to identify and distinguish Plaintiff's business and services.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 41.

42.     Defendant has willfully attempted to dilute the distinctive quality of Plaintiff's Nextpoint Marks and to trade on the goodwill and reputation of Plaintiff.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 42.

43.     As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 43.

44.     Injury to Plaintiff is continuing and will continue unless Defendant's actions are restrained by the Court.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 44.

## COUNT III

### "Cybersquatting" In Violation Of
### Section 43(c) Of The Lanham Act, 15 U.S.C. §1125(d)

45.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER:**     NextPoint Networks repeats and re-alleges its responses to paragraph 1 through 33 of the Complaint, as though fully set forth herein.

46.     Defendant has registered, trafficked in or used the domain name "nextpointnetworks.com."

**ANSWER:**     NextPoint Networks admits that it owns and uses the domain name "nextpointnetworks.com."  NextPoint Networks denies the remaining allegations of paragraph 46.

47.     Defendant has a bad faith intent to profit from Plaintiff's name and Standard Character Mark.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 47.

48.     Defendant's use of the domain name was and is commercial and in commerce.

**ANSWER:**     NextPoint Networks admits that the use of the domain name "nextpointnetworks.com" was and is commercial and in commerce.

17

49.    At the time Defendant registered the domain name "nextpointnetworks.com", Plaintiff's Nextpoint Marks were distinctive, and the domain name "nextpointnetworks.com" was confusingly similar to the Nextpoint Marks.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 49.

50.    At the time Defendant registered the domain name "nextpointnetworks.com", Plaintiffs Nextpoint Marks were famous, and the domain name "nextpointnetworks.com" was confusingly similar to, or dilutive of, the Nextpoint Marks.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 50.

51.    As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 51

52.    Injury to Plaintiff is continuing and will continue unless Defendant's actions are restrained by the Court.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 52.

## COUNT IV

### Violation Of Illinois Anti-Dilution Act, 765 ILCS 1036/65

53.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER:**    NextPoint Networks repeats and re-alleges its responses to paragraph 1 through 33 of the Complaint, as though fully set forth herein.

54.    Plaintiff's Nextpoint Marks are distinctive and famous.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 54.

55.    Defendant's Infringing Marks are similar or identical to the Nextpoint Marks.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 55.

56.    Defendant's use of the Infringing Marks began after Plaintiff's Nextpoint Marks became famous.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 56.

57.    Defendant's use of the Infringing Marks is causing injury to Plaintiff's business reputation and diluting the distinctive quality of Plaintiff's famous Nextpoint Marks.

19

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 57.

58.     Defendant's conduct was committed with knowledge that the Infringing Marks were intended to be used to cause confusion.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 58.

59.     As a direct and proximate result of Defendant's wrongful and willful conduct, Defendant has caused Plaintiff irreparable harm and injury.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 59.

60.     Injury to Plaintiff is continuing and will continue unless Defendant's actions are restrained by the Court.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 60.

## COUNT V

### Violation Of Illinois Uniform
### Deceptive Trade Practices Act, 815 ILCS 510/2

61.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER:**    NextPoint Networks repeats and re-alleges its responses to paragraph 1 through 33 of the Complaint, as though fully set forth herein.

62.    Defendant's use of the Infringing Marks, as described herein, is likely to cause confusion, deception or misunderstanding among consumers as to the source, sponsorship, approval or certification of Defendant's products and services, and give rise to the incorrect belief that Defendant has some connection or affiliation with Plaintiff.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 62.

63.    Defendant has willfully engaged in the foregoing deceptive trade practice.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 63.

64.    Defendant's actions have caused and continue to cause injury and damages to Plaintiff.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 64.

21

65.    As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 65.

66.    Injury to Plaintiff is continuing and will continue unless Defendant's actions are restrained by the Court.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 66.

### COUNT VI

**Violation Of Illinois Consumer Fraud
And Deceptive Business Practices Act, 815 ILCS 505/2**

67.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER:**    NextPoint Networks repeats and re-alleges its responses to paragraph 1 through 33 of the Complaint, as though fully set forth herein.

68.    Defendant's use of the Infringing Marks, as described above, is likely to cause a public injury and a detrimental effect on consumers by causing confusion, deception or misunderstanding as to the source, sponsorship, approval or certification of

22

Defendant's products and services, and by giving rise to the incorrect belief that Defendant has some connection or affiliation with Plaintiff.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 68.

69.    Defendant's conduct implicates consumer protection concerns because it concerns trade practices directed at the market generally.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 69.

70.    Defendant's misconduct was performed with malice or reckless indifference to the rights of Plaintiff.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 70.

71.    Defendant's conduct has caused and continues to cause injury and damages to Plaintiff.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 71.

72.    As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 72.

73.     Injury to Plaintiff is continuing and will continue unless Defendant's actions are restrained by the Court.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 73.

## COUNT VII

### Illinois Common Law Unfair
### Competition And Trademark Infringement

74.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

**ANSWER:**    NextPoint Networks repeats and re-alleges its responses to paragraph 1 through 33 of the Complaint, as though fully set forth herein.

75.     Defendant's use of the Infringing Marks, as described above, constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, deception or misunderstanding among consumers as to the source, sponsorship, approval or certification of Defendant's products and services, and give rise to the incorrect belief that Defendant has some connection or affiliation with Plaintiff.

**ANSWER:**    NextPoint Networks denies each and every allegation of paragraph 75.

24

76.     As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 76.

77.     Injury to Plaintiff is continuing and will continue unless Defendant's actions are restrained by the Court.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**ANSWER:**     NextPoint Networks denies each and every allegation of paragraph 77.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden that NextPoint Networks would not otherwise bear, NextPoint Networks asserts the following additional defenses to the Complaint:

### FIRST DEFENSE

78.     Plaintiff's alleged marks are neither inherently distinctive nor have they acquired distinctiveness.

### SECOND DEFENSE

79.     NextPoint Networks has not infringed and is not infringing, either directly or indirectly, any mark allegedly owned by Plaintiff, and is not liable for infringement of any mark allegedly owned by Plaintiff.

25

## THIRD DEFENSE

80.     To the extent that the Court finds that any infringement of the marks allegedly owned by Plaintiff occurred, any such infringement on the part of NextPoint Networks was innocent, and not willful or intentional.

## FOURTH DEFENSE

81.     Plaintiff has not suffered any actual harm or injury.

## FIFTH DEFENSE

82.     Plaintiff neither has been nor is now the sole or exclusive owner or proprietor of the alleged marks involved in this action.

## SIXTH DEFENSE

83.     Plaintiff does not currently have any United States Trademark Registrations for either of the marks that it allegedly owns.

## SEVENTH DEFENSE

84.     Plaintiff's claims are barred, in whole or in part, because the marks at issue have not suffered actual dilution.

## EIGTH DEFENSE

85.     Plaintiff's claims alleging dilution are barred, in whole or in part, because the marks at issue are not famous.

## NINTH DEFENSE

86.     NextPoint Network's mark has not caused any confusion with Plaintiff's alleged marks, to the extent (if any) Plaintiff has protectible rights therein.

## TENTH DEFENSE

87.    NextPoint Networks has not violated the cybersquatting provisions of the Lanham Act.  The domain name "nextpointnetworks.com" was not registered with bad faith intent to profit from any alleged goodwill in Plaintiff's name.  Further, registration of the "nextpointnetworks.com" domain name was done lawfully.

## RESERVATION OF DEFENSES

88.    NextPoint Networks reserves the right to amend and/or supplement this Answer, including, without limitation, to assert additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, NextPoint Networks respectfully requests that this Court deny the relief requested in the Complaint, enter judgment in favor of Defendant grant Defendant such other and further relief as the Court deems just and proper.

Date:  September 4, 2008                    NEXTPOINT NETWORKS, INC.

By:    /s/  Kristin L.Yohannan
       One of its attorneys

       Kristin L. Yohannan (*pro hac vice pending*)
       MORRISON & FOERSTER LLP
       2000 Pennsylvania Avenue, Suite 5500
       Washington, D.C. 20006
       Telephone: 202.887.1500
       Facsimile: 202.887.0763

       Andrew N. Spivak
       MORRISON & FOERSTER LLP
       1650 Tysons Boulevard, Suite 400
       McLean, VA  22102-4220
       Telephone: 703.760.7700
       Facsimile: 703.760.7777

27

Richard J. Gray
R. Douglas Rees
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Telephone: 312.222.9350
Fax: 312.527.0484

**ATTORNEYS FOR DEFENDANT
NEXTPOINT NETWORKS, INC.**

## VERIFICATION

I verify under penalty of perjury that the foregoing Answer And Defenses Of NextPoint

Networks, Inc is true and correct.

September 4, 2008

_____

Woody Ramsey, Chief Executive Officer

## <u>CERTIFICATE OF SERVICE</u>

I, Kristin L. Yohannan, hereby certify that I caused a copy of the foregoing **ANSWER AND DEFENSES OF NEXTPOINT NETWORKS, INC.** to be served upon the following in the listed manners:

### *<u>Via The Electronic Case Filing System</u>*

Eric N. Macey
Richard L. Miller II
John F. Shonkwiler
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606
Tel:  312-419-6900
Fax:  312-419-6928

on this 4th day of September 2008.


_____ /s/ Kristin L. Yohannan _____
Kristin L. Yohannan